UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>              Plaintiff,<br>     vs.<br><br>JOHN STEFANSKI,<br><br>              Defendants. | 3:11-cr-012-JDR<br><br>**ORDER<br>REGARDING<br>MOTION TO DISMISS,<br>MOTION TO DISQUALIFY**<br><br>(Docket Nos. 7 and 8) |

       Defendant John Stefanski has filed a motion to dismiss and a motion disqualify the judge at Docket 7 and 8. The government submitted a response and opposition to the motions at Docket 11. The defendant has previously filed similar motions that were ruled upon at Dockets 8 and 9 in case 10-po-044-JDR. The present motions lack merit.

       The defendant argues that this court lacks jurisdiction and venue under Federal Civil Rule 12(b)(6). This is a criminal prosecution. Federal Civil Rule 12 is

inapplicable. The government has filed an Information which supersedes the Violation Notice previous issued. The Information contains the signature of an Assistant United States Attorney and no additional verification or signature is required in order for the criminal charge to be valid.

The defendant cites Surowitz v. Hilton Hotels Corp., 383 U.S. 363 r'hg denied 384 U.S. 915 (1966). That case was a shareholder's derivative action wherein the district court dismissed a civil complaint and the shareholder appealed. The Seventh Circuit Court of Appeals affirmed but the U.S. Supreme Court reversed holding that the action was not subject to dismissal on the ground that the shareholder in verifying his complaint had relied on explanations to her by her son-in-law, a professional investment advisor, and did not herself understand the complaint. That case lends no support to the defendant's request for dismissal of this criminal action.

The defendant's continued arguments that this criminal matter belongs in the Alaska State Court not federal court, and that the magistrate judge lacks jurisdiction over Class A misdemeanors without the consent of the defendant have previously been addressed by the court. The charges against Stefanski are Class B misdemeanors not Class A misdemeanors and the prosecution is brought pursuant to Federal Criminal law on behalf of the United States. Venue is proper in Anchorage because the State of Alaska constitutes one federal judicial district,

namely the District of Alaska. 28 U.S.C. § 81A. The offense is alleged to have been committed near McCarthy, Alaska, and the defendant's residence of record is at or near Chugiak, Alaska. No allegation has been made that the defendant cannot receive a fair trial where the trial is scheduled to take place or that the magistrate judge should be recused from deciding this case. This case is properly assigned to a United States Magistrate Judge pursuant to the Federal Criminal Rules of Procedure and the Local Rules of this Court. **The motions to dismiss and to disqualify lack merit and are hereby denied.**

DATED this 21st day of April, 2011, at Anchorage, Alaska.

   /s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge